his books were produced and put in evidence. This evidence, however, did not tend to show that the plaintiff had any knowledge of the fact in question. It appeared that the books were shown to the plaintiff's agent when the risk was taken, but that gave no information as to the fact in question. This is the only evidence to which the court could have referred in the charge, and the jury may very well have been misled by this evidence and the charge of the court, and may have based their verdict upon a finding that information of this fact was given to the plaintiff when the risk was taken. We do not think, in view of the meager evidence to support a finding that information of this fact was given to the plaintiff after the loss, and before the money was paid, that we can say that the jury based their verdict upon the finding of a voluntary payment, rather than the finding that the fact was not suppressed at the time the risk was taken. This error of the court calls for a reversal of the judgment and a new trial.

The judgment should be reversed, and a new trial granted, with costs to the appellant to abide event. All concur.

FERGUSON v. COMMONWEALTH RUBBER CO.

(Supreme Court, Appellate Division, First Department. April 10, 1896.)

ATTACHMENT—ORDER DENYING MOTION TO DISSOLVE—RECITING REPLYING AFFIDAVITS.

> Motion to recite replying affidavits in an order denying a motion to vacate an attachment is properly refused, no leave to submit such affidavits having been asked for or granted, and the submission thereof having, therefore, been improper.

Appeal from special term, New York county.

Action by Harry Ferguson against the Commonwealth Rubber Company. Plaintiff obtained an attachment, which the Merchants' Bank of Buffalo, an execution creditor of the rubber company, moved to vacate. The bank thereafter moved to amend the order denying the motion to vacate by reciting in the order replying affidavits. From the order denying such motion the bank appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Herman Aaron, for appellant.
Philip M. Brett, for respondent.

PER CURIAM. No leave to submit replying affidavits was asked for or granted, and, as the submission of such was improper, the order denying motion to recite such was right, and should be affirmed, with $10 costs and disbursements.